**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TUNDE DEANE,

*Defendant-Appellant.*

No. 01-4262

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-00-27-BO)

Submitted: December 7, 2001

Decided: January 16, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. J. Frank Bradsher, OFFICE OF
THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tunde Deane appeals his forty-one month sentence imposed upon Deane's conviction following his guilty plea for possession of firearms by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Deane's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). We affirm.

Deane pled guilty to possession of eighteen firearms after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C.A. § 922(g)(1). The presentence investigation report calculated Deane's offense level at twenty-one with a criminal history category of II, resulting in a sentencing guidelines range of forty-one to fifty-one months' imprisonment. This included a five-level enhancement pursuant to USSG 2K2.1(b)(1)(E) for Deane's involvement in the acquisition, possession, and transportation of forty-one firearms. Deane initially objected to the calculation of the sentencing guidelines range, then subsequently withdrew his objections and stipulated to the sentencing range of forty-one to fifty-one months imprisonment. The district court sentenced him to the minimum of forty-one months' imprisonment.

In his *Anders* brief, Deane charges the district court with error in accepting his guilty plea. Because Deane did not raise any objections at his guilty plea hearing, this Court's review is for plain error. *United States v. Walker*, 112 F.3d 163, 165 (4th Cir. 1997).

The Rule 11 colloquy established Deane's competence to plead guilty, and Deane acknowledged his satisfaction with his counsel's representation and his awareness that by pleading guilty, he was forfeiting his rights to the presumption of innocence, to a jury trial, to have the government prove his guilt beyond a reasonable doubt, to confront witnesses against him, to cross-examine witnesses, to present evidence on his own behalf or not put on any evidence, and to choose whether to testify at trial, which decision could not be used against him. Deane acknowledged his awareness of the charge against him and the potential maximum punishment for the charged offense. He affirmed his desire to plead guilty of his own free will, made without

any promises, threats, or coercion, and admitted his guilt. The Government presented a summary of the evidence establishing Deane's possession of eighteen firearms and his prior felony conviction, to which there was no objection. We find the district court did not err in accepting his guilty plea.

Furthermore, we find the calculations of the criminal history category and offense level are supported by the evidence presented at the first sentencing hearing, at the Rule 11 hearing, and in the presentence investigation report. Further, because Deane's sentence of forty-one months' imprisonment, even if based on a finding of possession of more firearms than charged in the original indictment, is less than the ten-year statutory maximum punishment and thus does not implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Moreover, Deane's stipulation waived any objection.

Next, we find no abuse of discretion in the district court's denial of Deane's pro se "Motion to Withdraw from Counsel," *See Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1994). Further, to the extent Deane's motion could be read to claim ineffective assistance of counsel, such a claim is not cognizable in this direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Deane's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

*AFFIRMED*